13-3309-cv
Casilla v. Philip & Jack Hirth Mgmt.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fourteen.

PRESENT:
        ROBERT A. KATZMANN,
           *Chief Judge,*
        JOHN M. WALKER, JR.,
        CHRISTOPHER F. DRONEY,
           *Circuit Judges.*
_____

Raul A. Casilla,

        *Plaintiff-Appellant*,

        v.                           No. 13-3309-cv

Philip & Jack Hirth Management, Sheila Hirth,

        *Defendants-Appellees*.
_____

For Plaintiff-Appellant**:**        Raul Casilla, *pro se*, Bronx, NY

For Defendants-Appellees**:**        John W. Egan, Seyfarth Shaw LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Raul Casilla, proceeding *pro se*, appeals from an August 6, 2013 judgment of the United States District Court for the Southern District of New York (Nathan, *J.*), granting the defendants' motion to dismiss Mr. Casilla's employment discrimination claims as subject to mandatory arbitration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a determination of whether parties have contractually bound themselves to arbitrate a dispute. *Chelsea Square Textiles, Inc. v. Bombay Dyeing & Mfg. Co.*, 189 F.3d 289, 295 (2d Cir. 1999). However, "the findings upon which that conclusion is based are factual and thus may not be overturned unless clearly erroneous." *Id*. "[W]e review *de novo* the agreement's interpretation and scope." *Id.*

Independent review of the record and case law reveals that the district court properly found that Mr. Casilla's discrimination claims were subject to arbitration because the collective-bargaining agreement governing Mr. Casilla's employment includes a valid arbitration clause that requires arbitration of Mr. Casilla's statutory discrimination claims, and such claims are arbitrable. *See JLM Indus., Inc. v. Stolt-Nielsen S.A.*, 387 F.3d 163, 169 (2d Cir. 2004) (setting out the standard for whether a claim is subject to arbitration); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 204-06 (2d Cir. 1999) (finding Title VII claims to be arbitrable). To the extent that Mr. Casilla argues on appeal that he should not be required to arbitrate his

2

discrimination claims because his union refused to represent him, he failed to raise this

argument below, even though it was available to him, and so this contention is waived. *See In re*

*Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (per curiam).

We have considered Mr. Casilla's remaining arguments and find them to be without

merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>